[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14210
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00027-CEH-DAB-1


UNITED STATES OF AMERICA,

                                                        Plaintiff - Appellee,

                        versus

MATTHEW STEVEN HOWARD,

                                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 1, 2015)


Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Matthew Steven Howard appeals his conviction for one count of attempting to induce or elicit a minor to assent to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Howard argues the district court erred by denying his motion for a judgment of acquittal for two reasons. First, Howard contends there was insufficient evidence to show he intended to induce the 14-year-old minor into sexual activity because, according to Howard, the minor had already assented to sexual activity by reaching out to him.[1] Second, Howard argues the Government failed to prove he was predisposed to commit the charged offense, and thus his entrapment defense should have prevailed. We reject both arguments and affirm.

*1. Sufficiency of the Evidence*

The district court did not err in denying Howard's motion for a judgment of acquittal based on sufficiency of the evidence because sufficient evidence demonstrated Howard attempted to induce or elicit a minor's assent to engage in sexual activity. Howard argues that "Ashley," the minor female online persona adopted by law enforcement,[2] assented to sex merely by responding to his

---

[1] Howard also contends the jury confused the charged offense—attempted enticement of a minor to engage in sexual activity—with the separate offense of attempting to have sex with a minor. *See United States v. Lee*, 603 F.3d 904, 914 (11th Cir. 2010) (explaining the "intent" requirement of 18 U.S.C. § 2422(b) is "inten[t] to cause assent on the part of the minor," not "intent to engage in sexual activity" (quotation mark omitted)). There is no evidence the jury was confused. The jury was instructed properly on the elements of 18 U.S.C. § 2422(b), and we presume jurors follow the instructions given to them. *See United States v. Stone*, 9 F.3d 934, 938 (11th Cir. 1993).

[2] To be sure, "section 2422(b) does not require an actual minor victim." *United States v. Lee*, 603 F.3d 904, 913 (11th Cir. 2010).

2

Craigslist advertisement.  Thus, he asserts their conversations were discussions only of where and how to have sex, not whether they should in the first place.

The evidence, viewed in a light favorable to the Government, does not support Howard's theory.  *See United States v. Gamory*, 635 F.3d 480, 497 (explaining, in evaluating sufficiency, "[w]e view the evidence in the light most favorable to the government, making all reasonable inferences and credibility choices in the government's favor, and then determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt" (citation and quotation omitted)).  While it is true Howard's Craigslist advertisement solicited oral sex in the title, the text of the advertisement sought information regarding a potential respondent's age and where she lived.  From this, a reasonable juror could find responding to the advertisement alone was not sufficient to assent to sexual contact but would simply initiate a conversation about whether Howard and the respondent would both agree to engage in sexual activity after they shared more information with each other.  *See id.*

Furthermore, "Ashley" did not come right out and state she agreed to the solicitation.  Rather, she initiated communication with Howard by telling him that she was young and wanted to say "hi" after seeing the ad.  Then, upon learning she was 14, Howard engaged "Ashley" in sexually explicit conversation, asked her if she wanted to meet (proposing both oral and vaginal sex), and attempted to

3

assuage her doubts by telling her he did not want to hurt her.  Howard also stated, during his post-arrest interview, that he planned to try and talk "Ashley" into going to a mall dressing room to have sex with him, further indicating that, in Howard's mind, "Ashley" had not yet assented to engage in sexual contact with him and that the chats from the previous several days were intended to persuade "Ashley" to agree to engage in sexual activity.

In short, the district court did not err by denying Howard's motion for a judgment of acquittal because ample evidence supported the jury's conclusion that Howard intended to persuade or induce a minor to engage in sexual activity.

*2. Entrapment Defense*

The district court also did not err in denying Howard's motion for a judgment of acquittal based on his entrapment defense.  Howard asserts he is entitled to a judgment of acquittal because the evidence showed he was not predisposed to enticing a minor into engaging in sexual activity.  We disagree and conclude the evidence was sufficient for a reasonable juror to find Howard was predisposed to commit the charged crime.  *United States v. Brown*, 43 F.3d 618, 622 (11th Cir.1995) ("When an entrapment defense is rejected by the jury, our review is limited to deciding whether the evidence was sufficient for a reasonable jury to conclude that the defendant was predisposed to take part in the illicit transaction.").  Although a Government agent provided an opportunity for Howard

4

to commit a crime, Howard readily took advantage of that opportunity. *See Jacobson v. United States*, 503 U.S. 540, 550 (1992) ("[W]here the defendant is simply provided with the opportunity to commit a crime, the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition."). The agent, as "Ashley," stated early on in the exchanges with Howard that she was only 14 years old, asking him a number of times if that was a problem. Despite these opportunities to back away, Howard proceeded to engage her in sexually explicit conversation and attempted to persuade her to assent to engage in sexual activity. A reasonable juror could find Howard's ready commission of the offense and his failure to take advantage of repeated opportunities to back away from the criminal conduct established his predisposition. *See id.*; *United States v. Ventura*, 936 F.2d 1228, 1231 (11th Cir. 1991) ("Evidence that a defendant was afforded an opportunity to back out of a transaction and did not avail himself of that opportunity also constitutes evidence of predisposition.").

For the foregoing reasons, the district court did not err in denying Howard's motion for a judgment of acquittal.

**AFFIRMED**.

5